

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OMDA OIL AND GAS, INC.                    §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §
                                          §        No. 3:06-CV-439-M
YOUNG OIL CORPORATION, YOUNG              §
OPERATING COMPANY, ANTHONY                §
L. YOUNG, CHRIS JEFFRIES, and             §
DOUBLE G ENERGY, INC.,                    §
                                          §
        Defendants.                       §

## MEMORANDUM OPINION AND ORDER

Before the Court are (1) Plaintiff's Motion to Remand, filed April 12, 2006, and (2)

Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), filed May 2, 2006. The

Court **GRANTS** the Motion to Remand, and therefore does not reach the Motion to Transfer.


FACTUAL BACKGROUND

Plaintiff OMDA Oil and Gas ("OMDA"), a Texas corporation, filed its Original Petition

on February 13, 2006, in the 160th Judicial District Court of Dallas County, Texas, asserting

various claims against Defendants Young Oil Corporation, Young Operating Company, Anthony

Young, and Chris Jeffries, all residents of Kentucky. The Original Petition alleged five counts:

(1) breach of contract against Young Operating Company, (2) intentional misrepresentation and

fraud against all Defendants, (3) negligent misrepresentation against all Defendants, (4) fraud in

a stock transaction against all Defendants, and (5) conspiracy to commit fraud against all

Defendants. On February 24, 2006, Plaintiff filed its First Amended Petition ("Complaint"), adding Double G Energy ("Double G"), a Texas corporation, as a named Defendant, alleging the same claims.

Defendants filed their Notice of Removal on March 13, 2006, alleging that Plaintiff fraudulently joined Double G in an attempt to defeat diversity. Plaintiff filed its Motion to Remand on April 12, 2006. Defendants filed their Motion to Transfer on May 2, 2006.

## ANALYSIS

As the parties removing Plaintiff's claims to federal court, Defendants bear the burden of proving a basis for federal subject matter jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). By arguing that the Court's subject matter jurisdiction is based on diversity of the parties' citizenship, Defendants must prove that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." 28 U.S.C. § 1441(b). The Court evaluates all of the factual allegations in Plaintiff's Complaint in the light most favorable to Plaintiff, and resolves all contested issues of substantive fact in its favor. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

To defeat Plaintiff's Motion to Remand by proving that Double G's presence in this case is the product of fraudulent joinder, Defendants must demonstrate either: (1) outright fraud in Plaintiff's pleading of jurisdictional facts, or (2) that Plaintiff, as a matter of law, is unable to establish a cause of action against Double G. *See Travis v. Irby*, 326 F.3d 644, 646 (5th Cir. 2003).

-2-

Defendants do not allege that Plaintiff fraudulently pleaded any jurisdictional facts; therefore, the Court's inquiry is limited to whether Defendants can prove there is no "reasonable basis" for predicting that state law would allow Plaintiff to recover against Double G. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2000). Defendants did not submit any evidence to support removal; therefore, the Court is confined to a 12(b)(6) analysis. *See Travis*, 326 F.3d at 650. ("[When] the defendant has the burden of establishing fraudulent joinder and the plaintiff can clearly state a claim upon which relief can be granted as to the non-diverse defendant, the lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was fraudulently joined. In order to establish that [the non-diverse defendant] was fraudulently joined, the defendant must put forward evidence that would negate a possibility of liability on the part of [that defendant].")

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Complaint must be liberally construed in favor of the Plaintiff, and all well-pled facts in the Complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). Dismissal is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The Court does not evaluate the Plaintiff's likelihood of success; instead, the Court only determines whether the Plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's*

-3-

*Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Plaintiffs "must give the defendant fair notice of the nature of the claim and the grounds upon which the claim rests." *Bates v. United States Small Bus. Assoc.*, No. 3:01-CV-1614-D, 2004 U.S. Dist. LEXIS 23208, at *11 (N.D. Tex. Nov. 16, 2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

Here, Plaintiff alleges four causes of action against Double G: (1) intentional misrepresentation and fraud, (2) negligent misrepresentation, (3) fraud in a stock transaction, and (4) conspiracy to commit fraud. Defendants argue that each of the pleaded torts requires Plaintiff to establish that Double G made "false and material representations" to Plaintiff. With respect to the conspiracy to defraud claim, the elements are "(1) a combination by two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result". *Hinojosa v. Ashcraft Law Firm*, No. 11-03-00145-CV, 2004 Tex. App. LEXIS 8126, at *8 (Tex. App. – Eastland, Sept. 2, 2004, pet. denied) (unpublished); *see Massey v. ARMCO Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). In its Complaint, Plaintiff alleged that (1) Defendants were members of a combination of two or more persons; (2) whose object was to defraud Plaintiff; (3) there was a meeting of the minds; (4) at least one of the Defendants committed fraud against OMDA; and (5) damages were a direct and proximate consequence. Pl. Compl. at 14. Plaintiff need not show that Double G made "false and material representations" to prove its claim of conspiracy to commit fraud; Plaintiff need only show that one Defendant made such representations. Defendants' argument is premised on the erroneous assumption that Plaintiff must establish that Double G

-4-

made false and material representations.[1] Defendants have not shown beyond doubt that the Plaintiff cannot prove facts in support of its conspiracy to defraud claim which would entitle it to relief from Double G. Since Double G is a Texas resident, the basis for removal, diversity jurisdiction, does not exist. As a result, the Court **GRANTS** Plaintiff's Motion to Remand. *See Causey*, 394 F.3d at 288. Concluding it has no jurisdiction, the Court does not reach the Motion to Transfer.

The Court next turns to Plaintiff's request for costs and attorney's fees. 28 U.S.C. § 1447(c) allows a court remanding a case to order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A finding of bad faith on the part of the removing party is not required before awarding costs. *News-Texan, Inc. v. City of Garland, Texas*, 814 F.2d 216 (5th Cir. 1987). When removal was obviously legally defective, an award of costs is within the court's discretion. *Tralmer v. Galaxy Airlines, Inc.*, 611 F. Supp. 633 (D. Nev. 1985). Under the facts of this case, the Court concludes that removal was improper, but not obviously legally defective. The Court declines to grant attorney's fees,[2] but grants costs.

---

[1] Max Golden is a Director of Double G, and the Complaint is certainly subject to the interpretation that Golden was acting on Double G's behalf when the representations were made.

[2] The Court notes that the Plaintiff states in its Motion to Remand that "The Facts Supporting Remand in this Motion and the Affidavit of William Dion attached hereto as Exhibit A clearly show that **Defendant Double G is a proper party to this litigation; therefore, Plaintiff's motion to remand should be granted.**" Pl. Br. at 5. Despite this statement, none of the exhibits attached to Plaintiff's Motion even *mention* Double G. In its brief supporting the Motion to Transfer, Plaintiff argues, without evidence or further explanation, that because Max Golden, who *is* mentioned in Plaintiff's exhibits, is a Director of Double G, his actions should be imputed to Double G.

However, because Defendants argued fraudulent joinder, it was their burden to prove that there is no reasonable basis for predicting that state law would allow Plaintiff to recover from Double G. *See Frank*, 128 F.3d at 922. Defendants did not submit any evidence that would allow

CONCLUSION

The Court **REMANDS** the case to the 160th Judicial District Court of Dallas County,

Texas.


**SO ORDERED.**

May 17, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

the Court to conclude that Double G was not a proper party, and did not argue that Golden's
actions could not be imputed to Double G. Defendants did not carry their burden.

-6-